IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LILIYA P. LENDEL, individually and as
the surviving parent and legal guardian for
minors Y.L., R.L., and J.L., and ESTATE
OF YURIY Y. LENDEL,

                       **Plaintiffs**,

v.

USA TRUCK, INC., USA TRUCK, LLC,
and DARRIEN L. WILLIAMS,

                       **Defendants**.

Case No. 24-4102-DDC-ADM

## MEMORANDUM AND ORDER

This case comes before the court on plaintiffs' Motion to Remand (Doc. 13). Plaintiffs

Liliya P. Lendel—individually and as the surviving parent and legal guardian for minors R.L.,

Y.L., and J.L.—and the Estate of Yuriy Y. Lendel assert survival and wrongful-death claims

against defendants USA Truck, Inc., USA Truck, LLC, and Darrien L. Williams. Those claims

follow the death of father and husband Yuriy Y. Lendel after a tractor-trailer collision in March

2023. Plaintiffs' motion argues that defendants—at removal—"provide no *evidence* or *proof*

whatsoever" to establish complete diversity of citizenship. Doc. 13 at 2 (emphasis in original).

Without that proof, plaintiffs contend, defendants haven't carried their burden to establish federal

jurisdiction, and the court must remand the case. *Id.* at 2–3.

Plaintiffs' remand motion contests solely the citizenship of the corporate defendants,

USA Truck, Inc. and USA Truck, LLC. *Id.* at 2. In response, the corporate defendants provided

a declaration attesting to their citizenship in Delaware and Arkansas. *See* Doc. 16-1 at 1. But,

plaintiffs argue, that declaration is conclusory and self-serving and, thus, not competent proof. Doc. 17 at 3–4. Thus, the question for the court is straightforward: Did defendants provide evidence sufficient to establish complete diversity by a preponderance of the evidence? The court's answer: yes. The court therefore denies plaintiffs' Motion to Remand (Doc. 13). It explains this conclusion below, starting with the law governing removal.

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant"). "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (internal quotation marks and citation omitted). If the federal district court lacks jurisdiction over the removed case, it must remand the case to state court. 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, defendants invoke the court's diversity jurisdiction under 28 U.S.C. § 1332 at removal. *See* Doc. 1 at 1 (Notice of Removal).

Federal courts have diversity jurisdiction to hear civil actions where (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). To determine whether diversity jurisdiction exists, the court evaluates each litigant's state of citizenship. 28 U.S.C. § 1332(a). A

limited liability company is a citizen of every state where its members are domiciled. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). A corporation is a citizen of both the state where it's incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) ("[A] corporation is considered domiciled where it is incorporated and where it has its principal place of business, which the Supreme Court defines as the place where a corporation's officers direct, control, and coordinate the corporation's activities[.]" (internal quotation marks and citation omitted)).

Here, plaintiffs' remand motion challenges just the first diversity jurisdiction requirement—that the parties are citizens of different states. Doc. 13 at 2. And it only challenges the corporate defendants' citizenship. *Id.* After allegations of diversity are challenged, a removing defendant must establish the existence of diversity jurisdiction by a preponderance of the evidence. *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). "In ruling on a motion to remand based on lack of diversity, a court should determine its jurisdiction over the case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by the parties." *Cherokee Nation v. Johnson & Johnson, Inc.*, No. 15-CV-280-JHP, 2016 WL 1363954, at *2 (E.D. Okla. Apr. 6, 2016) (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 311 (5th Cir. 2005)).

The court thus starts with plaintiffs' pleadings. Their Petition alleges, first, that plaintiff Liliya P. Lendel is a citizen of Missouri, and that individual defendant Williams is a citizen of Texas. *See* Doc. 1-1 at 1–2 (Pet. ¶¶ 1, 3, 8); Doc. 1 at 2–3 (Notice of Removal ¶¶ 9–12, 19). The Notice of Removal supplements the citizenship record, asserting that the Estate of Yuriy Y.

Lendel is a citizen of Missouri.  Doc. 1 at 3 (Notice of Removal ¶ 12).[1]  None of these

allegations are disputed by the remand filings.  *See generally* Doc. 13.  More significantly for the

issue at hand, plaintiffs' Petition also alleges that the two corporate defendants are citizens of

Delaware and Arkansas.  Doc. 1-1 at 2 (Pet. ¶¶ 6–7). Defendants' Notice of Removal asserts the

same.  Doc. 1 at 3 (Notice of Removal ¶ 18) ("USA Truck, Inc. and USA Truck, LLC are, for

diversity jurisdiction purposes, citizens of Delaware and Arkansas.").  So far, so good—all

parties appear diverse with Missouri occupying one side of the caption and Texas, Delaware, and

Arkansas occupying the other.

But then, plaintiffs filed a Motion to Remand (Doc. 13).  The remand motion focuses

solely on the corporate defendants' citizenship.  It never argues, however, that the corporate

defendants aren't citizens of Delaware and Arkansas.  After all, plaintiffs' Petition already

---

[1]    The Petition doesn't allege sufficiently the citizenship of the Estate of Yuriy Y. Lendel.  It identifies merely that the estate "has been established in the 38th Judicial Circuit Court, Christian County, Missouri[.]"  Doc. 1-1 at 2 (Pet. ¶ 3).  But 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  And so, the estate's citizenship here is the same as the citizenship of Yuriy Y. Lendel when he died.  *See Castleberry v. Fanuc Am. Corp.*, No. 20-1361-KHV-GEB, 2021 WL 37482, at *1 n.4 (D. Kan. Jan. 5, 2021) ("[T]he estate's citizenship . . . is deemed to be the decedent's citizenship at the time of death" (citing *Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997))); *Lee v. Kaup Kattle Co.*, No. 19-2600-JAR-ADM, 2021 WL 6932209, at *1 (D. Kan. Apr. 22, 2021) ("'Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death.'" (quoting *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007))).

The Petition never alleges Yuriy Y. Lendel's citizenship at the time of his death.  It does allege, however, that "[p]rior to his passing, Decedent lived at home with his family and provided all the care, loving and companionship he could to his wife and children."  Doc. 1-1 at 18 (Pet. ¶ 76).  And the Petition identifies Yuriy Y. Lendel's wife as a resident of Missouri.  *Id.* at 1 (Pet. ¶ 1).  More importantly, defendants—in their Notice of Removal—allege that the "discovery exchanged in the State Court Action" demonstrates that "Decedent Yuriy Y. Lendel was domiciled in the State of Missouri."  Doc. 1 at 2 (Notice of Removal ¶ 11).  Plaintiffs never contest defendants' estate-citizenship allegation in their remand motion.  *See generally* Doc. 13.  And "a notice of removal need only include plausible allegations that jurisdictional requirements are met[,]" requiring proof only "if challenged[.]"  *Hanson v. Dollar Gen.*, No. CIV-21-362-D, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014)).  In the absence of any such a challenge, the court accepts defendants' assertion that the Estate of Yuriy Y. Lendel is a citizen of Missouri.

alleged that citizenship information.  Instead, plaintiffs' motion argues that the corporate

defendants must prove their citizenship—and they haven't.  Doc. 13 at 2–3.

The corporate defendants responded with a declaration.  The Director of Claims

Management declared—to no one's surprise—that "USA Truck, Inc. is a corporation

incorporated and organized under Delaware law, with its principal place of business located in

Van Buren, AR."  Doc. 16-1 at 1 (Vaughn Decl. ¶ 4).  And she also declared that "USA Truck,

LLC is 100% owned by USA Truck, Inc."  *Id.* (Vaughn Decl. ¶ 3).  Recall that a limited liability

company takes on the citizenship of its members.  *See Siloam Springs*, 781 F.3d at 1234.  So,

USA Truck, Inc.'s citizenship—as the sole member of USA Truck, LLC—determines the LLC's

membership, as well.  And the Director declared all this under penalty perjury.  Doc. 16-1 at 1

(Vaughn Decl.).

Plaintiffs still contend this isn't good enough.  Their Reply picks at the sufficiency of

defendants' declaration, calling it "conclusory" and "self-serving" and identifying alleged

deficiencies.  Doc. 17 at 1, 4.  But "courts routinely look to declarations to evaluate diversity

jurisdiction[.]"  *Okulski v. Carvana, LLC*, No. 20-1328, 2020 WL 3871309, at *1 n.2 (E.D. Pa.

July 9, 2020) (collecting cases).  And district courts in our Circuit regularly have found complete

diversity in circumstances similar to these.  *See Fotouhi v. Mobile RF Sols., Inc.*, No. 15-2587-

JWL, 2015 WL 1427139, at *2–3 (D. Kan. Mar. 27, 2015) (denying motion to remand—despite

plaintiff's challenge that CEO's affidavit was "self-serving"—where CEO attested to principal

place of business and plaintiff came forward with no other evidence); *Thompson v. Intel Corp.*,

No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *16 (D.N.M. Aug. 27, 2012) (relying on

affidavit as "sufficient evidence for the Court to find, by a preponderance of the evidence, that

[defendant was] incorporated in Delaware [with] its principal place of business in California"

where plaintiff "provide[d] no evidence to support his allegation that [defendant had] its principal place of business in New Mexico"); *Capitol City Uniforms v. Fechheimer Bros. Co.*, No. CIV 04-793-JEC/DJS, 2004 WL 3167741, at *2 (D.N.M. Aug. 8, 2004) (denying remand motion and finding complete diversity where the "only factual evidence before the [c]ourt" was affidavit attesting to place of incorporation and principal place of business).

Here, defendants provide a declaration attesting to its place of incorporation and principal place of business. What's more, defendants' declaration aligns with the diversity allegations in plaintiffs' Petition. *See* Doc. 1-1 at 2 (Pet. ¶¶ 6–7). And there's no other evidence that the court can use to weigh the declaration—no hint of possible alternative citizenship that raises a specter of doubt. To be sure, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Suncor Energy*, 25 F.4th at 1250 (quotation cleaned up). But here, there's simply no basis for doubt. All the allegations and evidence before the court point to the same conclusion: the corporate defendants are citizens of Delaware and Arkansas and thus complete diversity of citizenship exists. And where the court doesn't doubt its jurisdiction, it has a "virtually unflagging obligation . . . to exercise" it. *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quotation cleaned up).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs Liliya P. Lendel, individually and as the surviving parent and legal guardian for minors R.L., Y.L., and J.L., and the Estate of Yuriy Y. Lendel's Motion to Remand (Doc. 13) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of September, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

6