**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LILIYA P. LENDEL, Individually and as the Surviving Parent and Legal Guardian for minor Y.L., minor R.L., and minor J.L., and ESTATE OF YURIY Y. LENDEL,<br><br>Plaintiffs,<br><br>v.<br><br>USA TRUCK, INC., USA TRUCK, LLC, and DARRIEN L. WILLIAMS,<br><br>Defendants. | Case No. 24-4102-JMK-ADM |
| USA TRUCK, LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>YLL EXPRESS, LLC,<br><br>Third Party Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions: (1) Defendants USA Truck, Inc. and USA Truck LLC's ("USA Truck") Motion to Quash Depositions of Individual Witnesses and Hours of Service Director (ECF 178); and (2) Plaintiffs' Motion to Extend Limited Discovery Deadline for Allowed Deposition(s). (ECF 178 & 197.) These motions are granted in part and denied in part as set forth below.

## I. BACKGROUND

This case has an unusually protracted history. Plaintiffs originally filed this case in state court on March 19, 2024, against USA Truck, Darrien L. Williams ("Williams"), and the Kansas Turnpike Authority ("KTA"). After an early settlement with the KTA, Plaintiffs voluntarily dismissed the KTA on September 18 and the remaining defendants removed the case to this court on October 18, 2024. Plaintiffs filed a motion to remand and a motion to stay pending the court's ruling on the motion to remand, both of which were denied. (ECF 29, 60.) The parties had already begun discovery while the case was pending in state court, but discovery formally opened in this court on May 2, 2025 (as of the Rule 26(f) conference). On June 4, the court convened a scheduling conference and set a discovery deadline of November 21, which effectively gave the parties all the time they had for discovery in state court plus another six and a half months in this court. (ECF 31.) As explained in an order dated November 12, the parties did not work diligently to complete discovery, and the court later granted them a modest extension of the discovery deadline to December 19, while extending the deadline for expert depositions to January 23, 2026. (ECF 91.)

Plaintiffs finally began taking depositions in earnest in early December and reportedly learned for the first time at a deposition on December 5 that USA Truck had not produced certain "coaching notes" related to Williams's safety violations, USA Truck's related safety procedures, and video footage concerning the safety violations. At a discovery conference on January 7, 2026, the parties reported that USA Truck had produced the coaching notes and safety procedures, and USA Truck indicated that it was agreeable to some follow-up discovery given the late-produced documents. (ECF 144.) At this, Plaintiffs seized the opportunity to serve 95 more RFPs and 25 more interrogatories on USA Truck. Discovery problems ensued, with USA Truck essentially

taking the view that discovery should be limited to the subject matter of late-produced documents while Plaintiffs took a much broader view. Given the parties' ongoing discovery, the court later extended the discovery completion deadline to May 8, 2026. (ECF 167.)

USA Truck's current motion to quash is directed to two deposition notices. The first is Plaintiffs' Amended Notice of Video Recorded Depositions for the Named Employees and Safety Management of Defendants USA Truck, Inc and USA Truck, LLC. (ECF 170.) This notice seeks the following depositions:

- Michael Amlong, Divisional Safety Manager who disqualified Williams on 3/9/23[1]
- Josh Wagenheim, Operations Specialist who counseled Williams on 3/1/23
- Dave Barnes, Divisional Safety Manager who counseled Williams "face to face" on 2/22/23
- Dianna Hayes (a/k/a Dianna Frasher), Operations Specialist who counseled Williams on 12/29/22 and 1/17/23
- Bobbi Hunt, Orientation Instructor who counseled Williams on 12/13/22
- Brian Schrinsher, Compliance Manager of Safety
- Michael Noble, USA Truck VP Safety
- Alicia Black, USA Truck Safety Director, in her individual capacity (if needed)

(*Id.* at 2.) The second deposition notice at issue is Plaintiffs' Notice of Video Recorded Deposition for the Hours of Service (HOS) Director of Defendants USA Truck, Inc and USA Truck, LLC. (ECF 176.)

In the other related motion currently at issue, Plaintiffs seek to extend the discovery deadline to allow them to take any of the above-listed depositions that are not quashed. (ECF 197.)

[1] The collision that gave rise to this lawsuit occurred on March 6, 2023.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* FED. R. CIV. P. 26(c)(1)(D) (authorizing a protective order limiting the scope of disclosure or discovery to certain matters); FED. R. CIV. P. 26(c)(1)(A) (authorizing a protective order "forbidding the disclosure or discovery"). Rule 26(c)(1)'s good-cause standard is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III. ANALYSIS

USA Truck agreed to produce the only two current employees with direct involvement in coaching Williams: (1) Hayes a/k/a Frasher and (2) Barnes. Those two depositions are not the subject of USA Truck's motion to quash. Several of the other individuals are former USA Truck employees over whom USA Truck has no control or ability to command them to attend and testify at the deposition, so Plaintiffs' deposition notice is ineffectual as to those employees. And some of the noticed deponents were not involved in Williams's coaching notes, which is the reason court allowed the parties an opportunity to continue to conduct further discovery after the December 19 discovery deadline. The court's ruling as to each of the deponents is as follows.

**1. Amlong** — Plaintiffs contend they are entitled to take Amlong's deposition because it was timely noticed before the December 19 deadline. In support, Plaintiffs note the court's observation at the January 7 status conference about "the parties' apparent agreement to conduct further discovery after the scheduling order's December 19, 2025, discovery deadline." (ECF

144, at 2.) But although the court acknowledged the parties' agreement, the court never issued a ruling concerning the scope of what discovery was allowed other than to indicate that discovery should have been winding down by then. Regardless, Amlong is no longer employed by USA Truck, nor was he involved in Williams's coaching. USA Truck has therefore shown good cause to quash this deposition. Its motion to quash is therefore granted as to Amlong.

**2. Wagenheim** — Wagenheim is no longer employed by USA Truck, so USA Truck's motion to quash is granted as to him. USA Truck acknowledges, however, that Wagenheim was involved in coaching Williams and does not oppose Plaintiffs deposing Wagenheim, although they ask that the court "limit the topics of any further depositions to the coaching notes of Mr. Williams and the coaching policies or procedures of USA Truck." (ECF 202, at 1-2.) Plaintiffs state that they intend to issue a subpoena to Wagenheim. Given the parties' stated positions, the court grants Plaintiffs' motion to extend the discovery deadline for the purpose of taking this deposition. Plaintiffs must issue the subpoena, serve it on Wagenheim promptly, and complete the deposition no later than **October 30, 2026**. Further, the court finds good cause to grant USA Truck's request to limit the subject matter of Wagenheim's deposition to the coaching notes of Williams and the coaching policies or procedures of USA Truck. USA Truck correctly points out that Plaintiffs have continued to treat the late-produced coaching notes and related safety procedures "as a means to relitigate the case and engage in fishing expeditions." (*Id.* at 7.) The court agrees that such tactics are improper and unwarranted.

**3. Hayes (a/k/a Frasher)** — USA Truck states that it does not oppose Plaintiffs deposing Hayes, so this deposition is not the subject of USA Truck's motion to quash. However, the parties did not complete her deposition by the May 8 discovery deadline, so Plaintiffs seek to extend the discovery deadline to allow Plaintiffs more time to take her deposition. USA Truck

does not oppose an extension for Plaintiffs to take this deposition. Plaintiffs' motion is therefore granted with respect to Hayes with the same subject matter limitation as with respect to Wagenheim's deposition: the subject matter of the deposition is limited to the coaching notes of Williams and USA Truck's coaching policies or procedures. This deposition must be completed by **October 30, 2026.**

**4. Hunt** — Plaintiffs allege Hunt was an orientation instructor who counseled Williams on December 13, 2022. But Hunt is no longer employed by USA Truck, nor was she involved in Williams' coaching. USA Truck has shown good cause to quash this deposition, so its motion is granted as to Hunt.

**5. Schrinsher** — Schrinsher is USA Truck's Compliance Manager of Safety, but he was not involved in Williams's coaching. He handled only background checks and employment verification—subject matter that Plaintiffs had adequate opportunity to explore during the original discovery period had they wished to do so. USA Truck has shown good cause to quash this deposition, so its motion is also granted as to Schrinsher.

**6. Noble** — Plaintiffs allege that Noble's title during the relevant time was Vice President Safety and Risk Compliance. To the extent that Plaintiffs seek to depose Noble because of his generalized knowledge about safety compliance at USA Truck, Plaintiffs had adequate time and opportunity to conduct depositions on those matters during the original discovery period. According to USA Truck, he more recently took on the title of General Counsel. Regardless of his title, USA Truck states that Noble was not involved in the coaching events or the post-accident investigation of Williams, nor did he "handle" Williams's subsequent separation from USA Truck. (ECF 178, at 4, 6.) Rather, it appears that Noble's involvement was limited to serving as in-house counsel and legal advisor in the aftermath of the subject collision. As such, his knowledge and

testimony would be limited largely to that gleaned from other individuals with percipient knowledge (whom Plaintiffs had an opportunity to depose) and/or information that would be covered by the attorney-client privilege and/or work-product doctrine. *See Willmore v. Savvas Learning Company LLC*, 344 F.R.D. 546, 557 (D. Kan. 2023) (explaining the court's discretion to prohibit the deposition of in-house counsel because of the potential for abuse). As such, USA Truck has shown good cause to quash this deposition, so its motion is granted as to Noble.

**7. Black** — Black is USA Truck's Fleet Safety Director. Plaintiffs already deposed Black during the original discovery period, both in her individual capacity and as a Rule 30(b)(6) designee. She was the manager responsible for reviewing and imposing any discipline with respect to the coaching notes, and she already testified about the coaching note policy and the coaching events. Because Plaintiffs already deposed Black in her corporate representative and individual capacities, USA Truck has shown good cause to quash this deposition. Its motion is granted as to Black.

Next, the court turns to plaintiff's second notice, by which Plaintiffs seek to depose USA Truck's Hours of Service (HOS) Director as of March 2023 (or "if she/he is no longer with USA Truck, then the present HOS Director"). (ECF 176, at 2.) First, this notice is not a proper Rule 30(b)(1) deposition notice because it does not identify a particular individual to be deposed. Second, the court allowed late discovery only as to USA Truck's late-produced coaching notes, and this notice is directed to a separate topic relating to hours of service, not the coaching notes. Third, given that USA Truck represents that it has no "Hours of Service Director" or any variant thereof (ECF 178, at 7), there is no Rule 30(b)(1) deposition for the court to compel.

Nor is Plaintiffs' notice a proper Rule 30(b)(6) notice, as it does not describe the matters sought for examination with "reasonable particularity." FED. R. CIV. P. 30(b)(6). Moreover,

Plaintiffs had the opportunity to explore this topic of "hours of service" with USA Truck's 30(b)(6) witness but did not do so, despite USA Truck informing Plaintiffs on several occasions that it had no "Hours of Service Director." Lastly, whether Williams was within his hours of service at the time of the accident is unrelated to the late-produced coaching notes. For all of these reasons, USA Truck has shown good cause to quash the deposition of the "Hours of Service Director."

One further observation. Since the above motions were filed, the parties reported in their resubmitted pretrial order that Plaintiffs deposed Barnes as USA Truck's designee on certain Rule 30(b)(6) topics on May 6, 2026. Plaintiffs intend to request a pre-motion conference to raise the issue of whether Barnes was adequately prepared to testify. Specifically, Plaintiffs contend that Barnes was not adequately prepared to answer a large majority of the noticed topics. In response, USA Truck and Williams state that the vast majority of the 67 noticed topics were not agreed to because they extend well beyond Williams's coaching notes and outside the scope of the court's limited reopening of discovery. The court simply wishes to acknowledge that it is aware that this dispute remains. The court intends to address next steps for resolving this dispute when the court reconvenes the pretrial conference on September 21, 2026.

**IT IS THEREFORE ORDERED** that USA Truck's Motion to Quash Depositions of Individual Witnesses and Hours of Service Director (ECF 178) is granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Limited Discovery Deadline for Allowed Deposition(s) (ECF 197) is granted in part with respect to the allowed depositions of Wagenheim and Hayes and denied in part with respect to the rest of the requested depositions, as set forth above.

**IT IS SO ORDERED.**

Dated September 15, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge