**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LILIYA P. LENDEL, Individually and as the Surviving Parent and Legal Guardian for minor Y.L., minor R.L., and minor J.L., and ESTATE OF YURIY Y. LENDEL,

Plaintiffs,

v.

USA TRUCK, INC., USA TRUCK, LLC, and DARRIEN L. WILLIAMS,

Defendants.

Case No. 24-4102-DDC-ADM

USA TRUCK, LLC,

Third Party Plaintiff,

v.

YLL EXPRESS, LLC,

Third Party Defendant.

**MEMORANDUM AND ORDER**

Plaintiffs Liliya P. Lendel and the Estate of Yuriy Y. Lendel ("Plaintiffs") bring this wrongful death action against Darrien L. Williams ("Williams"), as well as USA Truck, Inc. and USA Truck, LLC ("USA Truck") for damages suffered when Yuriy Lendel's tractor-trailer collided with a tractor-trailer owned by USA Truck. This matter is before the court on Plaintiffs' Second Motion for Leave to Amend Complaint. (ECF 186.) By way of the motion, Plaintiffs seek to add punitive-damage claims against Williams and USA Truck. For the reasons explained below,

the court denies Plaintiffs' motion to amend their complaint with respect to Williams, but grants Plaintiffs' motion to assert a punitive-damage claim against USA Truck.

## I. PROCEDURAL BACKGROUND

This case has an unusually protracted history. Plaintiffs originally filed this case in state court on March 19, 2024. After an early settlement, Plaintiffs voluntarily dismissed the Kansas Turnpike Authority with prejudice on September 18, and they also voluntarily dismissed Kansas Secretary of Transportation Calvin Reed without prejudice. The remaining defendants removed the case to this court on October 16, 2024. Plaintiffs filed a motion to remand and a motion to stay pending the court's ruling on the motion to remand, both of which the court denied. The parties had already begun discovery while the case was pending in state court, but discovery formally opened in this court on May 2, 2025 (as of the Rule 26(f) conference). On June 4, the court convened a scheduling conference and set a discovery deadline of November 21, which effectively gave the parties all the time they had for discovery in state court plus another six and a half months in this court. As explained in an order dated November 12, the parties did not work diligently to complete discovery, and the court later granted them a modest extension by extending the discovery deadline to December 19 and the deadline for expert depositions to January 23, 2026. (ECF 91.)

Plaintiffs finally began taking depositions in earnest in early December and reportedly learned for the first time at a deposition on December 5 that USA Truck had not produced certain "coaching notes" related to Williams's safety violations, USA Truck's related safety procedures, and video footage concerning the safety violations. At a discovery conference on January 7, 2026, the parties reported that USA Truck had produced the coaching notes and safety procedures. (ECF 144.) Plaintiffs seized the opportunity to serve another 95 RFPs and 25 interrogatories on USA

Truck. USA Truck did not have the video footage, so plaintiffs issued a subpoena to USA Truck's vendor, Lytx, Inc. ("Lytx") (ECF 158), which later reported that it no longer had the video footage in question. Discovery problems ensued, with USA Truck essentially taking the view that discovery should be limited to the subject matter of the late-produced documents and plaintiffs taking a much broader view. Given the parties' ongoing discovery, the court later extended the discovery completion deadline to May 8, 2026. (ECF 167.)

Over the next several months, the process of formulating the pretrial order became unnecessarily protracted, with the parties raising ongoing discovery disputes about the extent to which USA Truck's late-produced coaching notes and related safety materials warranted further discovery. (ECF 204 (first pretrial conference), 208 (order to show cause regarding resubmission of the pretrial order), 213 (ruling on discovery disputes regarding ongoing depositions), 214 (second pretrial conference), 215 (order memorializing rulings from second pretrial conference), 226 (third pretrial conference), 227 (order memorializing rulings from third pretrial conference).) A few lingering discovery issues remain, as set forth in ECF 227. The parties are on what should be their final round of edits to the pretrial order, with the expectation that the pretrial order will be entered in December and pretrial motions filed in early 2027.

## II. LEGAL STANDARD

The deadline for motions to amend the pleadings was August 1, 2025 (ECF 31, at 2, 6), and Plaintiffs did not file the present motion for leave to file an amended complaint until months later, on April 17, 2026. When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The moving party must show good cause

for failing to move to amend prior to the cutoff date and for the length of time between learning of the new information warranting amendment and moving to amend. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

## III. ANALYSIS

Here, Plaintiffs did not file the current motion until approximately eight and a half months after the scheduling order deadline for amendments to the pleadings. Plaintiffs assert that good cause exists for the belated amendment because Plaintiffs only learned through late-produced discovery—after the amendment deadline—about USA Truck's internal corrective-action standards; that USA Truck had withheld coaching records and internal materials bearing on Williams' prior known safety violations; that USA Truck was aware that Williams was a safety risk; and that USA Truck retained Williams as an employee despite Williams being a known safety risk. All defendants oppose the amendment, contending that Plaintiffs did not obtain their consent to the requested amendment, do not demonstrate good cause for the late amendment, and unduly delayed in seeking to amend, and that defendants would be unduly prejudiced if the amendment were allowed so late in the litigation. USA Truck also opposes the amendment as futile.

### A. Plaintiffs' Proposed Punitive-Damage Claim Against Williams

Turning first to Plaintiffs' request to add a punitive damages claim against Williams, Williams opposes amendment on the grounds that Plaintiffs have not shown good cause for the late amendment because the factual allegations supporting Plaintiffs' proposed punitive damages claim against Williams "were alleged in their original Petition and Plaintiffs had more than a year to file amended pleadings or a motion to extend the amendment deadline, but by their own fault alone failed to do so." (ECF 194, at 2.) Williams also contends that he will be unduly burdened

and prejudiced if amendment is allowed so late in the case, with discovery about to close, given "the discovery that allowing such amendment would trigger." (*Id*. at 2.)

The court denies Plaintiffs' motion as untimely with respect to their attempt to add a punitive-damage claim against Williams. Plaintiffs waited one and a half years after the complaint was filed and more than eight months after the August 1, 2025 deadline to move for leave to amend to assert a punitive-damage claim against Williams even though the basis for that claim against him was, for the most part, alleged in their original complaint. The only new factual allegations Plaintiffs seek to add relate to Williams allegedly failing to inspect the tractor-trailer's lighting system; obtaining his Texas CDL under false pretenses; amending his HOS logs; discharging his personal firearm so that he could kick out the window and escape from the cab of his truck; and his safety violations while employed by USA Truck. But Plaintiffs had an adequate opportunity to explore all of this subject matter from Williams during the lengthy original discovery period. Indeed, Plaintiffs deposed Williams on August 15, 2025, and could have inquired about any of these subjects. Further, Plaintiffs would have had ample time to conduct follow-up discovery on these issues before the discovery period originally closed on December 19, 2025. Further, Williams has not been employed by USA Truck since shortly after the crash in March of 2023, so he was not responsible for USA Truck belated production of the coaching notes and related safety materials.

In sum, Plaintiffs could have sought leave to amend to add their punitive-damage claim against Williams many months before it filed the current motion. Plaintiffs have long been aware of and/or should have been aware of their allegations supporting their punitive-damage claim against him if they had acted with diligence in conducting discovery from him during the original discovery period. The court therefore finds that Plaintiffs have not demonstrated good cause under

Federal Rule of Civil Procedure 16(b)(4) for the belated amendment. Plaintiffs' motion as therefore denied as to defendant Williams.

**B. Plaintiffs' Proposed Punitive-Damage Claim Against USA Truck**

The court turns next to Plaintiffs' request to add a punitive-damage claim against USA Truck. USA Truck opposes the amendment on grounds of undue delay and futility. Unlike with respect to Williams, the full basis for Plaintiffs' punitive-damage claim against USA Truck was not alleged in the original complaint. Rather, Plaintiffs point to USA Truck's belated document productions in December 2025 and January 2026 following the deposition of Alicia Black, which consisted of coaching notes and internal materials bearing on Williams's prior known safety violations, as the basis for their amendment. Because USA Truck is the party responsible for the late production of documents (well after the August 1, 2025 amendment deadline) that led to Plaintiffs' motion to amend and subsequent follow-up discovery, the court will not lay the blame on Plaintiffs for the amendment's untimeliness. Accordingly, the court finds that Plaintiffs have shown good cause for filing their motion belatedly in seeking to add a punitive-damage claim against USA Truck once they learned of additional facts supporting this claim.

The court also finds that the amendment is not futile. "A proposed amendment is futile if the amended complaint would be subject to dismissal." *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013). In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Here, Plaintiffs have alleged sufficient facts to support a punitive-damage claim under Kansas law against USA Truck. *See* KAN. STAT. ANN. § 60-3701(c) ("In any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."); *Gould v. Taco Bell*, 722 P.2d 511, 518 (Kan. 1986) ("We have defined a 'wanton act' as something more than ordinary negligence but less than a willful act. It must indicate a realization of the imminence of danger and a reckless disregard and indifference to the consequences."). To be clear, the undersigned is not deciding whether the amended claims ultimately would survive a subsequent challenge, such as at summary judgment. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that USA Truck has not met the "high bar" of establishing that the proposed amendment is *clearly* futile based solely on the pleadings. *See Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")).

None of USA Truck's futility arguments points to a pleading deficiency that goes to an essential element of the claim. Rather, USA Truck generally denies facts alleged in support of the punitive damages claim and/or relies on facts learned in discovery. These factual disputes are more appropriately resolved with a more complete factual record on summary judgment or at trial. They do not establish that Plaintiffs' proposed punitive-damage claim is subject to dismissal at the pleading stage. "Generally, the court declines to resolve factual disputes on a motion to amend given the liberal amendment rules." *Pipeline Prods., Inc. v. Madison Cos., LLC*, No. 15-4890-KHV-ADM, 2019 WL 4060835, at *8 (D. Kan. Aug. 28, 2019) (granting motion to amend to add successor liability claim because opponent's arguments were "more in the vein of a denial of the facts alleged in support of Pipeline's successor liability claim" and did not establish that such claim was subject to dismissal at the pleading stage); *see also Indep. Country Club v. Magellan Pipeline Co., LP*, No. 07-1196-MLB, 2008 WL 750526, at *3 (D. Kan. Mar. 18, 2008) ("Because the court does not resolve factual disputes when considering a motion to amend, defendant has failed to carry its burden of showing that the addition of a claim for punitive damages is a futile act.").

Nor is the court persuaded that USA Truck will be prejudiced by the belated amendment. Any follow-up discovery from USA Truck should be minimal, as articulated in the court's order following the last pretrial conference. (ECF 227, at 2-3.)

For all of these reasons, the court finds no grounds to deny Plaintiffs leave to amend their complaint to add a punitive-damage claim against USA Truck. Accordingly, that aspect of Plaintiffs' motion is granted. Plaintiffs should not file their proposed Second Amended Complaint, however. The court and the parties are already in the process of formulating the pretrial order. The current draft of the pretrial order incorporates Plaintiffs' punitive damage claim against USA Truck and, when entered, the pretrial order will supersede the pleadings.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion for Leave to Amend Complaint (ECF 186) is denied with respect to defendant Williams and granted with respect to the USA Truck defendants.

Dated October 28, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge